IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


ANDREW TRAMANE BREWER                                                    PLAINTIFF


v.                              Civil No. 06-1013


ROBERT PHILSON, Magnolia
Police Department                                                        DEFENDANT


## MEMORANDUM OPINION

Before the court for decision is the defendant's motion for summary judgment motion (Doc. 12). To assist plaintiff in responding to the summary judgment motion, a questionnaire was propounded to the plaintiff (Doc. 16). Plaintiff's response to the questionnaire was filed as his response to the summary judgment motion (Doc. 17).

## BACKGROUND

Andrew Tramane Brewer was arrested on January 1, 2006, by Officer Robert Philson. *Plaintiff's Response* (Doc. 17)(hereinafter *Resp.*) at ¶ 1. The arrest occurred off of Washington Street in Magnolia, Arkansas. *Id.* at ¶ 2.

Brewer was arrested on charges of residential burglary and possession of methamphetamine. *Resp.* at ¶ 3. Philson is a police officer with the Magnolia Police Department. *Id.* at ¶ 4.

Brewer contends Philson used excessive force against him at the scene of the arrest and then at the police station. *Resp.* at ¶ 5 & ¶ 7. At the scene, Brewer alleges Philson hit him, threw

-1-

him to the ground, slapped him, and asked him if he wanted to die. *Addendum* (Doc. 6) at ¶ 3.

Brewer states he was then transported to the Magnolia Police Department and placed in a holding cell in the booking room. *Resp.* at ¶ 5 & ¶ 7. Brewer was handcuffed and shackled. *Id.* According to Brewer, he was then struck in the face several times by Philson, thrown to the floor, sprayed with mace, and asked if he wanted to die. *Id.* Brewer maintains there was a camera in the booking room. *Id.* Brewer indicates he was never seen by a doctor. *Id.*

Brewer maintains he was not resisting arrest or refusing to cooperate and in fact was already in handcuffs and ankle bracelets. *Resp.* at ¶ 6. Brewer was being detained for questioning when force was used against him in the booking area of the police department. *Id.* at ¶ 7.

Brewer did not file a grievance regarding Philson's use of physical force at the scene of the arrest or at the police station. *Resp.* at ¶ 8 & ¶ 9. However, he states he immediately wrote to the court. *Id.* at ¶ 9.

Brewer filed this civil rights action on January 26, 2006. On the complaint in the area where he is asked to indicate if he submitted a grievance relating to his complaint, Brewer stated: "No. My case is police brutality." *Complaint* (Doc. 1) at page 2.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made

AO72A
(Rev. 8/82)

a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

## DISCUSSION

Philson contends Brewer failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). Brewer does not argue that he submitted a grievance or filed a complaint with the police department regarding Philson's conduct. Rather, Brewer states since his claim involved police brutality he immediately notified the court and filed this case.

As amended by the PLRA, 42 U.S.C. § 1997e(a) mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the Supreme Court held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

wrong." *Porter*, 534 U.S. at 532. *See also, Foulk v. Charrier*, 262 F.3d 687, 695 (8th Cir. 2001)(exhaustion requirement applies even though the claim grew out of an isolated claim of the use of excessive force by a corrections officer).

The term prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

We do not believe the exhaustion requirement of the PLRA applies to Brewer's claim that excessive force was used against him at the scene of the arrest on Washington Street. At the time, Brewer was not a "prisoner" within the meaning of the PLRA and the suit does not concern "prison conditions."

However, the exhaustion requirement of the PLRA does apply to Brewer's claim that excessive force was used against him after his arrest when he was in a holding cell at the jail. Clearly exhaustion is a prerequisite to asserting a claim. *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). While dismissal of the case is proper when at least some of the claims are unexhausted, *Graves v. Norris*, 218 F.3d 884, 885-86 (8th Cir. 2000), we believe it is appropriate, under the circumstances, to dismiss this single claim rather than the entire case. As the Eighth Circuit has noted, a plaintiff should be given leave to amend his complaint to cure the defect necessitating dismissal. *Kozohorsky v. Harmon*, 332 F.3d 1141, 1144 (8th Cir. 2003).

The plaintiff is an incarcerated individual who is proceeding pro se. We will construe his admission that he did not exhaust his remedies on this single claim as being a request to dismiss the unexhausted claim. Brewer's complaint shall be construed to contain only the claim

on which exhaustion is not required.  *See Thornton v.  Phillips County, Ark.*, 240 F.3d 728, 729 (8th Cir. 2001)(remanding case to the district court for consideration because the objections should have been treated as a motion for leave to amend the complaint).

## CONCLUSION

For the reasons stated, the defendant's motion for summary judgment (Doc. 12) will be granted in part and denied in part.  A separate order in accordance with this opinion will be entered.

DATED this 10th day of January 2007.

/s/ Harry F. Barnes
UNITED STATES DISTRICT JUDGE

AO72A
(Rev. 8/82)